# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DAVID HAMILTON,                                  CASE NO. 1:11-cv-01298 LJO GSA PC

               Plaintiff,            ORDER DISMISSING COMPLAINT, WITH
                                                 LEAVE TO FILE AMENDED COMPLAINT
     v.                                           WITHIN THIRTY DAYS

R. LOPEZ, et al.,                                (ECF No. 1)

               Defendants.
_____/

## Screening Order

### I.  Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257

1  (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

2  **II.    Plaintiff's Claims**

3         The events at issue in this action occurred at North Kern State Prison (NKSP) and Corcoran

4  State Prison, where Plaintiff is currently housed.   Plaintiff claims that he has been denied adequate

5  access to the law library at Corcoran.   Plaintiff also sets forth allegations that he was denied law

6  library access while he was housed at NKSP.   Plaintiff names as defendants the warden at NKSP,

7  the warden at Corcoran, and Does 1-100.

8         Plaintiff alleges that while he was participating in the orientation process at NKSP and at

9  Corcoran, he was not allowed adequate access to the law library.   While at NKSP, Plaintiff was in

10  orientation for 5 months.   Plaintiff arrived at CSP Corcoran on February 28, 2011, and has been in

11  orientation up to the filing of this complaint in August of 2011.   Plaintiff alleges that, while in

12  orientation, he "has often complained about making copies, requesting manila envelopes and serving

13  defendants in active matters."   Plaintiff alleges that he was denied adequate access in violation of

14  CDCR policies and regulations.

15         **A.    Law Library Access**

16         Because States must ensure indigent prisoners meaningful access to the courts, prison

17  officials are required to provide either (1) adequate law libraries, or (2) adequate assistance from

18  persons trained in the law.   Bounds v. Smith, 430 U.S. 817, 828 (1977).   Under prior law, Bounds

19  was treated as establishing "core requirements," such that a prisoner alleging deprivation of the

20  Bounds minima need not allege actual injury to state a constitutional claim.   Sands v. Lewis, 886

21  F.2d 1166, 1171 (9th Cir. 1989).   Recent Supreme Court precedent abolishes such approach,

22  however, providing that all inmate claims for interference with access to the court include "actual

23  injury" as an element.   Casey v. Lewis, 518 U.S.343  (1996).

24         To establish a Bounds violation, a prisoner must show that his prison's law library or legal

25  assistance program frustrated or impeded his ability to pursue a nonfrivolous legal claim.   Casey,

26  supra, 518 U.S. 343, 347.   The right of access does not require the State to "enable the prisoner to

27  discover grievances" or to "litigate effectively once in court."   The Casey Court further limits the

28  right of access to the courts, as follows:

1
2
3
4
5
6

> Finally, we must observe that the injury requirement is not satisfied by just any type of frustrated legal claim .... <u>Bounds</u> does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any <u>other</u> litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

7    To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under

8 color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal

9 law. <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cirl 2006). "A person deprives

10 another of a constitutional right, where that person 'does an affirmative act, participates in another's

11 affirmative acts, or omits to perform an act which [that person] is legally required to do that causes

12 the deprivation of which complaint is made." <u>Hydrick v. Hunter</u>, 500 F.3d 978, 988 (9th Cir. 2007)

13 (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 9th Cir. 1978)). "[T]he 'requisite causal connection

14 can be established not only by some kind of direct, personal participation in the deprivation, but also

15 by setting in motion a series of acts by others which the actors knows or reasonably should know

16 would cause others to inflict the constitutional injury.'" <u>Id</u>. (quoting <u>Johnson</u> at 743.44).

17    Plaintiff has failed to name any individual defendant, and has failed to allege any facts

18 indicating any conduct by an individual.[1]  The Court finds Plaintiff's allegations to be vague and

19 conclusory. In order to hold an individual defendant liable, Plaintiff must allege facts indicating that

20 the individual engaged in conduct that caused Plaintiff actual injury, as that term is defined above.

21 That Plaintiff may have been subjected to limited law library access in violation of regulations and

22 policies does not, of itself, subject any individual to liability.

23    Further, Plaintiff may not hold supervisory defendants, like the defendants named here, liable

24 on the grounds that they are employed in a supervisory capacity. Under section 1983, Plaintiff must

25 prove that the Defendants holding supervisory positions personally participated in the deprivation

26

27        [1] Plaintiff does name Does 1-100. Plaintiff is advised that the Court can not order service upon un-named
28 or unidentified defendants. In order to hold an individual defendant liable, Plaintiff must identify that individual by
name, and allege conduct by that defendant that deprived Plaintiff of a protected interest.

1   of his rights. <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002). There is no <u>respondeat</u> <u>superior</u>
2   liability, and each defendant is only liable for his or her own misconduct. <u>Ashcroft v. Iqbal</u>, 129
3   S.Ct. 1937, 1948-49 (2009). A supervisor may be held liable for the constitutional violations of his
4   or her subordinates only if he or she "participated in or directed the violations, or knew of the
5   violations and failed to act to prevent them." <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989);
6   <u>also</u> <u>Corales v. Bennett</u>, 567 F.3d 554, 570 (9th Cir. 2009); <u>Preschooler II v. Clark County School</u>
7   <u>Board of Trustees</u>, 479 F.3d 1175, 1182 (9th Cir. 2007); <u>Harris v. Roderick</u>, 126 F.3d 1189, 1204
8   (9th Cir. 1997). Plaintiff has not alleged any facts suggesting that either of the named defendants
9   in this case personally participated in the deprivation at issue.

10         **B.    Unrelated Claims**

11         Plaintiff is challenging conduct that occurred at NKSP and at Corcoran. Under the facts
12   alleged, these are separate and discrete incidents. Pursuant to Fed.R.Civ.P. 18(a) 'A party asserting
13   a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either
14   as independent or alternate claims, as many claims, legal equitable, or maritime, as the party has
15   against an opposing party.' Thus multiple claims against a single party are permissible, but Claim
16   A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated
17   claims against different defendants belong in different suits, not only to prevent the sort of morass
18   (a multiple claim, multiple defendant) suit produces, but also to ensure that prisoners pay the
19   required filing fees. The Prison Litigation Reform Act limits to 3 the number of frivolous suits or
20   appeals that any prisoner may file without the prepayment of the required fees. 28 U.S.C. § 1915(g).
21   <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007).

22   **III.   Conclusion and Order**

23         The Court has screened Plaintiff's complaint and finds that it does not state any claims upon
24   which relief may be granted under section 1983. The Court will provide Plaintiff with the
25   opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.
26   <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not
27   change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George</u>,
28   507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.   Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.   The Clerk's Office shall send to Plaintiff a complaint form;

3.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.   Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.   If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **January 12, 2012**                    **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE