IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HAMILTON,<br><br>             Plaintiff,<br><br>       vs.<br><br>R. LOPEZ, et al.,<br><br>             Defendants. | 1:11-cv-01298-LJO-GSA-PC<br><br>ORDER OF CLARIFICATION<br>(Doc. 15.)<br><br>ORDER DENYING REQUEST FOR FORM |

David Hamilton ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On January 30, 2012, Plaintiff notified the court that he believes the undersigned lacked jurisdiction to issue the order dismissing his complaint with leave to amend. (Doc. 15.) Plaintiff requests this matter to be reviewed.

To the extent that the basis for Plaintiff's objection is his decision to decline Magistrate Judge jurisdiction, Plaintiff misunderstands the effect of consenting to or declining Magistrate Judge jurisdiction. 28 U.S.C. § 636(b)(1) provides that

> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief may be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

> (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion, excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

This matter was referred to the undersigned pursuant to section 636 and Local Rule 302.

If all parties consent to Magistrate Judge jurisdiction, the case will be reassigned to the Magistrate Judge and the Magistrate Judge will decide all further matters. If a party declines Magistrate Judge jurisdiction, as Plaintiff did in this case, the District Judge will resolve all dispositive matters and conduct the trial, if there is one. However, a party's decision to decline Magistrate Judge jurisdiction has no effect on the referral of a case to a Magistrate Judge, made pursuant to section 636 and Local Rule 302, for non-dispositive matters and for the issuance of Findings and Recommendations on dispositive motions.

Plaintiff's objection to the issuance of an order by the undersigned dismissing the complaint with leave to amend is without merit. Plaintiff's decision to decline Magistrate Judge jurisdiction does not effect the referral of this case to the undersigned for non-dispositive matters, and the order in question is not dispositive.

Plaintiff also requested the court to send him a form for entry of default. The court does not require or provide a particular form for requesting entry of default. Therefore, Plaintiff's request shall be denied.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request for clarification is resolved by this order; and
2. Plaintiff's request for a form for entry of default is denied.

IT IS SO ORDERED.

Dated: **January 31, 2012**          **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE