UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID HAMILTON, | ) | 1:11-cv-01298-LJO-GSA-PC |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS, |
| | ) | RECOMMENDING THAT THIS ACTION |
| vs. | ) | BE DISMISSED, WITH PREJUDICE, FOR |
| | ) | FAILURE TO STATE A CLAIM, AND THAT |
| N.K.S.P., et al., | ) | THIS DISMISSAL COUNT AS A STRIKE |
| | ) | UNDER 28 U.S.C. § 1915(g) |
| | ) | (Doc. 25.) |
| | ) | |
| Defendants. | ) | OBJECTIONS, IF ANY, DUE IN THIRTY |
| | ) | DAYS |

## I. BACKGROUND

David Hamilton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on August 5, 2011. (Doc. 1.) On January 13, 2012, the Court dismissed the Complaint for failure to state a claim, with leave to amend. (Doc. 14.) On April 26, 2012, Plaintiff filed the First Amended Complaint, which is now before the Court for screening.

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

1

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

**III.   SUMMARY OF FIRST AMENDED COMPLAINT**

Plaintiff is presently incarcerated at Mule Creek State Prison (MCSP) in Ione, California.  The events at issue in the First Amended Complaint occurred at North Kern State Prison (NKSP) in Delano, California, and Corcoran State Prison (CSP) in Corcoran, California, when Plaintiff was incarcerated at those facilities.  Plaintiff names as defendants the NKSP Warden (Doe defendant), NKSP Education Department Principal (Doe defendant), NKSP Law Librarian Assistant Tech (Doe defendant), CSP Warden R. Lopez,  CSP Education Department Principal Mosier, CSP Education Department Principal VanKlevin, CSP Senior Librarian R.

Rosenthal, CSP Law Librarian Assistant Tech V. Neri, and Does 1-100.  Plaintiff's factual allegations follow.

From September 20, 2010 to February 28, 2011, Plaintiff was held in Orientation at NKSP.  According to administrative policy, Plaintiff only expected to be there fourteen days.  However, despite his complaints, he was held for five months and eight days.

From September 20, 2010 to November 2010, Plaintiff was allowed access to the law library only once, causing delay in researching and filing his habeas corpus petition in pro se.  Plaintiff gave notice of the urgency through request forms and 602 grievances.

On October 27, 2010, Plaintiff received notice to file with the Board of Control without delay, and on November 2, 2010, he received a second notice.  Plaintiff was allowed into the law library November 4, 2010 but was unable to obtain the necessary documents required by the State Supreme Court.  The law library was inadequate, and inmate staff assistants were untrained.

On January 27, 2011, the Board of Control warned Plaintiff that if he wished to file a court action, he must petition the appropriate court for an order within six months.  This issue concerned $200.00 Plaintiff had been granted in a CDC 602 appeal.  Plaintiff wrote to Kern County Superior Court requesting forms , and was informed that prison authorities are the entity obligated to provide legal assistance to inmates.

Plaintiff arrived at CSP on February 28, 2011, had his legal work and property confiscated, was placed in Orientation, and requested access to the law library.  Law Librarian Assistant V. Neri told Plaintiff the law library was open on a weekly basis for general user access, which did not include Orientation.  Plaintiff told Neri he needed copies and envelopes to serve defendants and courts in active pending matters, but was often denied.  Plaintiff was not able to serve the appropriate parties in a timely manner.

Senior Librarian Rosenthal denied Plaintiff copies of his legal work product, exhibits, and newly developed evidence, and told Plaintiff to seek a court order.  Rosenthal also hindered Plaintiff's physical access to the law library from July 2011 until February 2012.  This misconduct frustrated Plaintiff's ability to research and prepare his §2254 habeas corpus.  The

copy machine was always broken, books were missing, computers were often out of order, and forms were not available. Plaintiff spent 127 days in Orientation at CSP, and the committee contends they are following CDCR policies.

At CSP, Plaintiff was deprived of his due process rights and meaningful access to courts because of a classification rescinded on April 23, 2012 in order to transfer Plaintiff to MCSP by April 27, 2012.

Plaintiff requests monetary and declaratory relief.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which

///

4

the actors knows or reasonably should know would cause others to inflict the constitutional injury." Johnson at 743-44).

### A.     Due Process

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself or from state law. Id.

#### *Detention in Orientation*

The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Id. The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. See Hewitt v. Helms, 459 U.S. 460, 466-68 (1983); see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted).

Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

///

///

Plaintiff fails to establish the existence of a protected liberty interest in remaining free from extended detention in Orientation. Therefore, Plaintiff fails to state a cognizable claim for violation of his rights to due process based on his detention in Orientation.

### *Plaintiff's Transfer to MCSP – Events Occurring after this Case was Filed*

Plaintiff claims that his due process rights were violated because on April 23, 2012, prison officials rescinded his classification, in order to transfer him to MCSP. These events occurred after this case was filed on August 5, 2011. Plaintiff may not supplement the complaint with allegations of events occurring after the original complaint was filed, without leave of Court. Fed. R. Civ. P. 15(d). Plaintiff did not have leave, nor requested leave, to supplement the complaint. Therefore, this claim must be dismissed. Moreover, even if action had been taken to transfer Plaintiff before this case was filed, prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another. Meachum v. Fano, 427 U.S. 215, 224-25 (1976); see also Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983). Thus, Plaintiff fails to state a due process claim based on his transfer to MCSP.

### B.   Denial of Access to Courts

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. The State is not required to enable the inmate to discover grievances or to litigate effectively once in court. Id. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002). To prevail on his claim, plaintiff must show that he suffered an actual injury by being shut out of court. Id. at 415; Lewis, 518 U.S. at 351. A prisoner alleging a violation of his right of access to the courts must demonstrate that he has suffered "actual injury." Id. at 349-50. The actual-injury requirement mandates that an inmate "demonstrate that a

nonfrivolous legal claim had been frustrated or was being impeded." Id. at 353. The Court specifically rejected the notion that the state must enable a prisoner to "litigate effectively once in court." Id. (quoting and disclaiming language contained in Bounds v. Smith, 430 U.S. 817, 825-26 (1977)); see also Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995) (determining that prisoners' right of access to the courts is limited to the pleading stage of a civil rights action or petition for writ of habeas corpus).

Plaintiff alleges that while he was detained in Orientation at NKSP and CSP, he was denied adequate access to the law library and legal property, delaying his research and the filing of his habeas corpus petition. Plaintiff complains that even when he was able to attend the law library, the resources there were inadequate. Plaintiff alleges that his ability to respond to the Board of Control's directives was frustrated because he was unable to obtain the necessary applications or receive the copies required for the State Supreme Court.

Inmates do not have the right to a law library or legal assistance. Lewis, 518 U.S. at 351. Law libraries and legal assistance programs are only the means of ensuring access to the courts. Id. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id.

Plaintiff has not alleged that he was shut out of court – that he was thwarted from filing a direct criminal appeal, habeas petition, or civil rights action, or that he lost a meritorious suit that cannot now be tried. Therefore, Plaintiff fails to state a claim for denial of access to courts.

**V.   CONCLUSION AND RECOMMENDATIONS**

The Court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief can be granted under § 1983 against any of the defendants. In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with guidance by the Court. Plaintiff has now filed two complaints without alleging facts against any of the defendants which state a claim under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend

7

should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY RECOMMENDED** that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1983, and that this dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Vittorio</u>, 658 F.3d 1090, 1098 (9th Cir. 2011).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 2, 2013**              **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE